James J. Sheehan (Alaska Bar No.0506056)
Simpson, Tillinghast, Sheehan & Araujo, PC
One Sealaska Plaza, Suite 300
Juneau, AK 99801
Telephone: 907-586-1400
Email: jsheehan@stsl.com

Jacob R Adams (New York Bar No. 4751459)
Ezekiel R Dumke, IV (Texas Bar No. 24100599)
DumkeLaw, LLP
106 Laurel Valley Road
West Lake Hills, Texas 78746
Telephone: 801-987-0810
Email: jra@dumkelaw.com
edumke@dumkelaw.com
(*pending pro hac vice*)

Gregory D Phillips (Utah Bar No. 4645)
Phillips Winchester
4001 South 700 East, Suite 500
Salt Lake City, Utah 84107
Telephone: 801-935-4935
Email: gdp@phillipswinchester.com
(*pending pro hac vice*)

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| Sealaska Heritage Institute, Inc<br>  Plaintiff,<br><br>    v.<br><br>Neiman Marcus Group LTD, LLC, Neiman Marcus Group, LLC, Neiman Marcus Group, Inc., and MyTheresa.com, GmbH<br><br>  Defendants. | **Case No. \_\_\_\_-cv-_____** |

**COMPLAINT**

Plaintiff Sealaska Heritage Institute, Inc. ("SHI") complains of defendants Neiman Marcus Group LTD, LLC, Neiman Marcus Group, LLC, Neiman Marcus Group, Inc., and MyTheresa.com, GmbH, (collectively "NM" or "Defendants") and alleges as follows:

## SUBSTANCE OF THE ACTION

1. This matter involves the unlawful and inappropriate sale of garments by Defendants under the name "Ravenstail Knitted Coat" which "falsely suggests that the garment is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization . . ." (25 U.S.C. §305e) and that infringe the copyright to "Discovering the Angles of an Electrified Heart" Reg. No. VAu001380817, (the "Work"). From, at least, August 30, 2019 the Defendants sold, offered for sale, distributed, and reproduced copies of the Work and infringing derivative works based upon the Work. These garments were available both in their physical locations and online through, for example, the Neiman Marcus online store <neimanmarcus.com> and MyTheresa US online store <mytheresa.com>.

2. From, at least, August 30, 2019 the Defendants advertised and sold these infringing copies under the "Ravenstail" moniker. Ravenstail is a specific, defined, and famous style of weaving and pattern exclusively associated with the Tlingit, Haida, and Tsimshian people of Southeast Alaska and with a documented history stretching back well over 200 years. Defendants use of the term "Ravenstail" in association with the sale of their infringing products is in violation of the Indian Arts and Crafts Act of 1991, the Indian Arts and Crafts Enforcement Act of 2000 (collectively "IACA"), and falsely

designate the origin of the products as or falsely suggest sponsorship by the Tlingit, Haida, and Tsimshian people.

3. By this Complaint, SHI states claims for violations of IACA, 25 U.S.C. §305 *et seq.*, violations of section 43(a) of the Lanham Act, 15 U.S.C. §1152(a), violations of the Copyright Law, 17 U.S.C. §501 *et seq.*, and violations of the Alaska Unfair Trade Practices and Consumer Protection Act, AS 45.50.471, *et seq.*

**PARTIES AND JURISDICTION**

4. Plaintiff SHI is an Alaska nonprofit corporation and exempt from federal income tax under 501(c)(3) of Title 26 of the United States Code. SHI was founded for the Tlingit, Haida, and Tsimshian people of Southeast Alaska. SHI was established in 1980 by Sealaska Corporation, an Alaska corporation formed under the Alaska Native Claims Settlement Act enacted by Congress on December 18, 1971 (43 USC § 1601, *et seq.*). SHI, with its principal place of business in Juneau, Alaska, was established to perpetuate and enhance the Tlingit, Haida, and Tsimshian cultures of Southeast Alaska.

5. SHI is recognized as the Alaska Native Arts Organization pursuant to the American Indian, Alaska Native, and Native Hawaiian Arts and Culture Development Act, 20 U.S.C. §4401, *et seq.*, and operates the Sealaska Heritage Store where it primarily offers authentic American Indian and Alaska Native arts, crafts, and products.

6. SHI is the exclusive world-wide licensee to the work "Discovering the Angles of an Electrified Heart", Federal copyright registration number VAu001380817.

7. "Discovering the Angles of an Electrified Heart" was created in Alaska by Clarissa Rizal, an Alaska Native resident of Alaska.

Complaint 3 of 16
SHI, Inc v. Neiman Marcus Group LTD, LLC, et al.
___-cv-_____
Case 1:20-cv-00002-SLG   Document 1   Filed 04/20/20   Page 3 of 16

8. Defendant Neiman Marcus Group, Inc., is a Delaware corporation with its principal place of business at One Marcus Square, 1618 Main Street, Dallas, Texas 75201. Neiman Marcus Group, Inc., is the parent company of Neiman Marcus Group LTD, LLC and, upon information and belief, wholly owns defendant MyTheresa.com.

9. Defendant Neiman Marcus Group LTD, LLC, is a Delaware limited liability corporation with its principal place of business at One Marcus Square, 1618 Main Street, Dallas, Texas 75201. Neiman Marcus Group LTD, LLC, is the parent Company of Neiman Marcus Group, LLC.

10. Defendant The Neiman Marcus Group, LLC is a Delaware limited liability corporation with its principal place of business at One Marcus Square, 1618 Main Street, Dallas, Texas 75201. Neiman Marcus Group, LLC is a direct wholly owned subsidiary of Neiman Marcus Group LTD, LLC.

11. Defendant MyTheresa.com, GmbH, is a German Gesellschaft mit beschränkter Haftung ("company with limited liability") with a headquarters in Einsteinring 9, 85609 Aschheim, Germany. MyTheresa.com, upon information and belief, is a wholly owned subsidiary of defendant Neiman Marcus Group, Inc.

12. Upon information and belief, the Defendants engage in omni-channel retail through physical stores and online operations of luxury goods through the Neiman Marcus, Bergdorf Goodman, MyTheresa, and Last Call brand names.

13. Upon Information and belief, the Defendants own, operate, support, and conduct their online advertising and sales at the websites <neimanmarcus.com> and <mytheresa.com> through which the Defendants market, advertise, sell, and support infringing products to Alaska residents and users of the website in Alaska.

*Complaint* 4 of 16
*SHI, Inc v. Neiman Marcus Group LTD, LLC, et al.*
___-cv-_____
Case 1:20-cv-00002-SLG   Document 1   Filed 04/20/20   Page 4 of 16

14. SHI has caused to be purchased and delivered in Alaska the "Ravenstail Knitted Coat" product offered by Defendants through use of Defendants' websites and online services and sales.

15. SHI is informed and believes, and therefore alleges, that each Defendant was and is the agent, employee, partner, alter ego, and/or joint venturer of each other, and in committing the acts alleged herein, was and is acting within the course and scope of that relationship and with permission and consent of the other Defendants, and they have acted in concert with each other in connection with the allegations herein.

16. This Court has subject matter jurisdiction over SHI's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over SHI's claims arising under the law of the State of Alaska pursuant to 28 U.S.C. § 1367(a) because these claims are so related to SHI's claims under federal law that they form part of the same case or controversy under Article III of the United States Constitution and derive from a common nucleus of operative facts. The Court also has jurisdiction pursuant to diversity jurisdiction under 28 U.S.C. § 1332 in that SHI is a citizen of Alaska and Defendants are citizens of Texas, Delaware, and Germany and the amount in controversy exceeds $75,000.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 in that the Defendants engaged in wrongful acts in Alaska that were intentionally targeted at residents of Alaska, affecting and infringing upon property situated in Alaska, and with the substantial effect of those wrongful acts being felt in Alaska.

## GENERAL ALLEGATIONS

18. SHI is a 501(c)(3) nonprofit corporation established in 1980 for the purpose of perpetuating, enhancing, securing, and developing the Tlingit, Haida, and Tsimshian cultures of Southeast Alaska. SHI is guided by a Board of Trustees, Council of Traditional Scholars, Native Language Committee, and a Native Artists Committee.

19. SHI supports the Tlingit, Haida, and Tsimshian cultures through a variety of programs, including but not limited to, conducting educational and cultural courses, academic and social research, maintaining cultural and historical archives, organizing and conducting arts and handicrafts workshops and classes in partnerships with school districts, the University of Alaska Southeast, and the Institute of American Indian Arts, protecting and promoting indigenous arts and crafts, providing education curriculum in Alaska Native culture, language, and arts, undertaking political advocacy to support Native education, arts, and culture, and organizing the second largest biannual gathering of Alaska Natives in the State of Alaska.

20. SHI also maintains and conducts business through the Sealaska Heritage Store which primarily sells authentic American Indian and Alaska Native arts, crafts, and products through a physical location in Juneau, Alaska and online at <sealaska-heritage-store.myshopify.com>. Profits from the retail store are channeled back into SHI arts and culture programs.

21. SHI is the exclusive worldwide licensee to the Work, licensed from the heirs of the Tlingit artist and author, Clarissa Rizal, who was recognized by the National Endowment for the Arts in 2016 as a National Heritage Fellow.

22. The Work was created by Clarissa Rizal in 1996 and rights to the Work were passed to her heirs by operation of inheritance upon her death in December 2016. The Work was subsequently registered with the Copyright Office on September 6, 2019.

23. The Work is an example of traditional Tlingit, Haida, and Tsimshian Ravenstail weaving and pattern which is highly distinctive, famous, and associated exclusively with these Alaska Native and Northwest Coast peoples. Ravenstail (also referred to as *Yéil Koowú* in the Tlingit Language), as a term, has been used to identify this distinctive and famous weaving style for over 200 years, and most likely extending well before any written records for the Southeast Alaska Coastal area.

24. Use of the Ravenstail term in association with textiles and garments, and especially with products that attempt to replicate the distinctive Ravenstail pattern, can only create an expectation of a connection between the product and the Tlingit, Haida, and Tsimshian peoples, or the impression that the product is that of the Tlingit, Haida, and Tsimshian peoples.

25. On August 30, 2019, SHI was made aware that the Defendants had sold, were selling, and continued to sell, a garment styled "Ravenstail Knitted Coat" which is a direct copy of the Work, or at a minimum an infringingly substantial copy of the Work, and of the Defendants reproductions of the Work in connection with its display for sale through their advertising and online stores, including <neimanmarcus.com>.

26. On the same day of August 30, 2019, SHI was made aware that a member of the Tribal Courts Administration for the Central Council of the Tlingit and Haida Indian Tribes of Alaska, a Federally recognized Indian Tribe, had contacted the Defendants through their online customer service mechanisms and made the Defendants aware of

the problematic and improper nature of the product. This was logged as "Ticket #694509" in the Defendants´ customer service system.

27. In spite of being made aware of the impropriety of their actions, the Defendants continued to offer for sale and sell the infringing and offensive products. SHI subsequently, on September 17th, 2019, caused to be purchased an example of the infringing products which was delivered to the SHI offices at 105 South Seward Street, Juneau, Alaska 99801, on September 20, 2019. SHI furthermore caused to be purchased on April 3, 2020 an example of the infringing products from Defendants' online services offered at <mytheresa.com> which was delivered to the same SHI offices on April 9, 2020.

28. Upon information and belief, the Defendants continue to engage in their infringing and unlawful conduct up to and including the date of filing of this action.

## FIRST CAUSE OF ACTION

(Violation of the Indian Arts and Crafts Act under 25 U.S.C. § 305e)

29. SHI realleges and incorporates herein the allegations set forth above.

30. IACA prohibits a person from directly or indirectly offering for sale, selling, or displaying for sale, a good "in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization . . ." 25 U.S.C. §305e(b).

31. SHI was established by a federally recognized Alaska Native Regional Corporation, conducts arts and crafts support and development functions, and markets and sells genuine and authentic American Indian and Alaska Native arts and crafts products, and is recognized as the Alaska Native Arts Organization pursuant to the

American Indian, Alaska Native and Native Hawaiian Arts and Culture Development Act, 20 U.S.C. §4401, *et seq*. SHI, therefore, qualifies as an Indian arts and crafts organization for the purposes of IACA and may bring this action pursuant to 25 U.S.C. §305e(d)(D).

32. Upon information and belief, the Defendants are not Indians, Indian Tribes, or Indian Arts and Crafts organizations as defined by IACA.

33. IACA is a "truth-in-advertising statute aimed at ensuring that products marketed and sold as "Indian" are actually Indian", *Native American Arts, Inc. v. Contract Specialties, Inc.*, 754 F.Supp.2d 386, 388 (Dist. R.I., 2010), and in determining whether a defendant falsely suggests a product is Indian produced, an Indian product, et cetera, the question is "what the entire sales package, including advertising, labeling, and place of sale, suggested to the average consumer." *Navajo Nation v. Urban Outfitters*, 935 F.Supp.2d 1147, 1170 (Dist. N.M. 2013).

34. The Ravenstail moniker has for hundreds of years exclusively identified Tlingit, Haida, and Tsimshian products, specifically a textile woven in a specific manner and with a certain design, commonly referred to as a Ravenstail robe. The design itself can also, and has been, referred to as Ravenstail and itself exclusively identifies products made by the Tlingit, Haida, and Tsimshian peoples.

35. Defendants, from at least August 30, 2019, engage in the selling, offering for sale, and display for sale of a product that substantially replicates the look and feel of an authentic Alaska Native Ravenstail robe under the name "Ravenstail Knitted Coat", thereby falsely suggesting the product is produced by Alaska Natives, an Alaska Native product, or a product of the Tlingit, Haida, or Tsimshian people.

36. SHI has, and will continue to suffer, injury and damage through the actions of the Defendants, including by damage to its ability to advertise genuine and authentic Alaska Native products, and specifically genuine and authentic Ravenstail robes or products with Ravenstail patterns.

37. SHI has suffered, and will continue to suffer, irreparable harm as a result of the Defendants´ actions, and SHI is without adequate remedy at law. SHI is entitled to an injunction restraining the Defendants from any further sales of the "Ravenstail Knitted Coat" pursuant to 25 U.S.C. §305e(b)(1).

38. SHI is furthermore entitled to recover the greater of treble damages, or not less than $1,000 for each day that the "Ravenstail Knitted Coat" was sold, or offered or displayed for sale, for each aggrieved individual Indian, Indian tribe, or Indian arts and crafts organization pursuant to 25 U.S.C. §305e(b)(2), and additionally entitled to recover attorneys´ fees pursuant to 25 U.S.C. §305e(c).

39. SHI additionally demands punitive damages in an amount to be determined by the Court pursuant to 25 U.S.C. §305e(c).

## SECOND CAUSE OF ACTION

(Copyright Infringement, 17 U.S.C. § 501)

40. SHI realleges and incorporates herein the allegations set forth above.

41. SHI, as exclusive worldwide licensee of the Work, is beneficial owner of the Work, pursuant to 17 U.S.C. §501(b), and is entitled to all exclusive rights to the Work as set forth in 17 U.S.C. §106, including to use, reproduce, distribute, and prepare derivative works.

*Complaint* 10 of 16
*SHI, Inc v. Neiman Marcus Group LTD, LLC, et al.*
___-cv-_____
Case 1:20-cv-00002-SLG   Document 1   Filed 04/20/20   Page 10 of 16

42. Upon information and belief, the Defendants' product "Ravenstail Knitted Coat" was copied from the Work, Defendants distributed copies of the Work, and Defendants prepared derivative works based upon the Work for use in their online sales, advertising, and promotional materials.

43. The Defendants are not, and were not at any time, authorized to copy, reproduce, distribute, sell, or prepare derivative works that infringe the rights of SHI in the Work.

44. The Defendants acts have violated SHI´s exclusive rights in the Work as granted by 17 U.S.C. §106, and constitute infringement under 17 U.S.C. §501(a).

45. Defendants knew, or should have known, that their acts constituted infringement thereby rendering the Defendants´ infringement willful.

46. Through Defendants´ infringement SHI has sustained and will continue to sustain substantial injury, loss, and damage to its ownership rights in the Work.

47. Furthermore, irreparable harm to SHI is imminent as a result of the Defendants´ actions and SHI is without adequate remedy at law. SHI is therefore entitled to an injunction restraining the Defendants from engaging in further acts of infringement, pursuant to 17 U.S.C. §502.

48. SHI is additionally entitled to an order from the Court impounding all examples of the infringing products, pursuant to 17 U.S.C. §503.

49. SHI is further entitled to recover actual damages suffered as a result of the infringement and any additional profits of the Defendants attributable to the infringement or statutory damages, at the election of SHI, along with SHI´s costs and attorney´s fees, pursuant to 17 U.S.C. §§504-505.

*Complaint* 11 of 16
*SHI, Inc v. Neiman Marcus Group LTD, LLC, et al.*
*___-cv-_____*
Case 1:20-cv-00002-SLG   Document 1   Filed 04/20/20   Page 11 of 16

## THIRD CAUSE OF ACTION

(False Designation of Origin or Sponsorship under 15 U.S.C. §1125)

50. SHI realleges and incorporates herein the allegations set forth above.

51. Defendants use of the famous and distinctive Ravenstail term in connection with the sale of the "Ravenstail Knitted Coat" falsely suggests the origin of the product as being the Tlingit, Haida, and Tsimshian peoples, and is likely to cause confusion or deceive as to the affiliation, sponsorship, or approval of the Defendants´ "Ravenstail Knitted Coat" product.

52. SHI has, and will continue to suffer, injury and damage through the actions of the Defendants, including by damage to its ability to advertise genuine and authentic Alaska Native products, and specifically genuine and authentic Ravenstail robes or products with Ravenstail patterns.

53. SHI has suffered, and will continue to suffer, irreparable harm as a result of the Defendants´ actions, and SHI is without adequate remedy at law. SHI is entitled to an injunction restraining the Defendants from any further sales of the "Ravenstail Knitted Coat" pursuant to 15 U.S.C. §1116, and delivery up of any remaining infringing products pursuant to 15 U.S.C. §1118.

54. SHI is furthermore entitled to recover Defendants´ profits, damages sustained by SHI, and the costs of bringing this action, and attorneys fees pursuant to 15 U.S.C. §1117(a).

## FOURTH CAUSE OF ACTION

(Violation of Alaska Unfair Trade Practices and Consumer Protection Act, AS 45.50.471, *et seq.*)

55. SHI realleges and incorporates herein the allegations set forth above.

56. Defendants use of the famous and distinctive Ravenstail term in connection with the sale of the "Ravenstail Knitted Coat" falsely suggests the origin of the product as being the Tlingit, Haida, and Tsimshian peoples, and is likely to cause confusion or deceive as to the affiliation, sponsorship, or approval of the Defendants´ "Ravenstail Knitted Coat" product in violation of AS 45.50.471(a), AS 45.50.471(b)(3), and AS 45.50.471(b)(11).

57. Defendants use of the famous and distinctive Ravenstail term in connection with the sale of the "Ravenstail Knitted Coat" falsely suggests that the product has been or is being made to the particular standard or quality required by the Tlingit, Haida, and Tsimshian peoples when it is not, in violation of AS 45.50.471(a), and AS 45.50.471(b)(6).

58. Defendants has engaged in conduct that is likely to cause confusion or misunderstanding and which misleads, deceives or damages SHI, and consumers and prospective buyers in Alaska, by offering and selling a product that infringes SHI´s exclusive rights to "Discovering the Angles of an Electrified Heart", Reg. No. VAu 1-380-817, in violation of AS 45.50.471(a), and AS 45.50.471(b)(11).

59. Defendants knowingly sold and offered for sale the "Ravenstail Knitted Coat" which substantially copies "Discovering the Angles of an Electrified Heart", an authentic piece of Alaska Native handicraft created by a resident of Alaska, Clarissa Rizal, in violation of AS 45.50.471(a), and AS 45.50.471(b)(32).

60. SHI has, and will continue to suffer, injury and damage through the actions of the Defendants, including by damage to its ability to advertise genuine and authentic Alaska Native products, and specifically genuine and authentic Ravenstail robes or products with Ravenstail patterns.

61. SHI is entitled to the greater of three times actual damages arising from Defendants actions, or $500, pursuant to AS 45.50.531(a) and to punitive damages, pursuant to AS 45.50.531(a).

62. SHI is further entitled to the costs and attorneys fees for bringing this action pursuant to AS 45.50.537(a).

## PRAYER FOR RELIEF

WHEREFORE, SHI prays for relief as follows:

a) For a preliminary and permanent injunction enjoining and restraining the Defendants, their officers, agents, servants, employees, agents, and those in active concert or participation with any of them:

> (1) from importing, selling, distributing, offering for sale, advertising, or displaying for sale the "Ravenstail Knitted Coat" or any other product that infringes the Fed. Reg. VAu1380817 copyright;
>
> (2) from importing, selling, distributing, offering for sale, advertising, or displaying for sale the "Ravenstail Knitted Coat" or any other product that falsely suggests a connection with the Tlingit, Haida, or Tsimshian peoples, Sealaska Heritage Institute, or any other Indian, Indian Tribe, or Indian arts and crafts organization;

(3) requiring the Defendants to deliver up to SHI all remaining examples of the "Ravenstail Knitted Coat" or other products that falsely suggest a connection with SHI or the Tlingit, Haida, or Tsimshian peoples;

b) For actual damages to be determined at trial for the infringement of the Fed. Reg. VAu1380817 copyright registration, including but not limited to, all costs, expenses, attorneys´ fees;

c) For treble damages resulting from Defendants´ violation of IACA, or at least $1,000 per day for every day the "Ravenstail Knitted Coat" was sold, offered for sale, or advertised as determined at trial; and other damages resulting from Defendants´ actions;

d) For an order of punitive damages for violation of IACA in an amount determined by the Court;

e) For an accounting and disgorgement of Defendants´ profits obtained through the acts complained of above;

f) For treble damages resulting from Defendants´ violation of the Alaska Unfair Trade Practices and Consumer Protection Act.

g) For an order of punitive damages for violation of the Alaska Unfair Trade Practices and Consumer Protection Act in an amount determined by the Court;

h) For prejudgment interest;

i) For an order awarding SHI its attorneys´ fees and costs; and

j) For an order awarding SHI such other and further relief as the Court deems equitable, proper, and just.

*Complaint*  15 of 16
*SHI, Inc v. Neiman Marcus Group LTD, LLC, et al.*
____-cv-_____
Case 1:20-cv-00002-SLG   Document 1   Filed 04/20/20   Page 15 of 16

DATED: April 20, 2020
Juneau, Alaska

Respectfully submitted,

By:       /s/ James J. Sheehan
**James J. Sheehan**
Alaska Bar No. 0506056
**Simpson, Tillinghast, Sheehan & Araujo PC**
One Sealaska Plaza, Suite 300
Juneau, Alaska 99801
Telephone: 907-586-1400
Email: jsheehan@stsl.com

**AND**

**Jacob R Adams**
New York Bar No. 4751459
(*pending pro hac vice*)
**Ezekiel R Dumke**
Texas Bar No. 24100599
(*pending pro hac vice*)
**DumkeLaw, LLP**
106 Laurel Valley Road
West Lake Hills, Texas 78746
Telephone: 801-987-0810
Email: jra@dumkelaw.com
      edumke@dumkelaw.com

**AND**

**Gregory D Phillips**
Utah Bar No. 4645
(*pending pro hac vice*)
**Phillips Winchester**
4001 South 700 East, Suite 500
Salt Lake City, Utah 84107
Telephone: 801-935-4935
Email: gdp@phillipswinchester.com

*Attorneys for Plaintiff Sealaska Heritage Institute, Inc.*